IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JOHN PAUL MEADOR | § | |
| v. | § | CIVIL ACTION NO. 6:15cv204 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner John Paul Meador, a prisoner of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the computation of his time credits. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. The Petitioner's Complaint**

Meador was convicted prior to September 1, 1987, and thus is known as a "pre-70th Legislature Offender." Such prisoners receive good time based on their classification status, ranging from 45 days per month for prisoners classified as State Approved Trusty I, II, or III, to zero days per month for inmates classified in Line Class III.

Meador states that pre-70th Legislature inmates can also get credits known as Sub-Class A, B, or C good time credits for completion of certain specified courses or programs. These operate as follows:

- Sub-class A credits are five extra days of good time per month for completion of an on-the-job training certification or a vocational training program.

1

- Sub-class B credits are 10 extra days of good time per month for completion of an educational program (with or without a vocational training program) or an on-the-job training certification and a vocational training program.

- Sub-class C credits are 15 extra days of good time per month for completion of an on-the-job training program and an educational program (with or without a vocational training program).

According to Meador, he earned the sub-class C credit between 1986 and 1989 for completion of his GED test as well as completion of a vocational training course at the Ellis Unit bus barn. He also took an English class, completed on-the-job training in records conversion, and also completed a course in the operation of heavy equipment. As a result of earning the sub-class C credit, Meador asserts that he earned 15 extra days of good time per month.

Meador states that he was released in 1989 but returned to prison in 2005 with a subsequent concurrent sentence of five years. His time slip did not show that he had received the sub-class C credit, so he filed two time credit dispute resolution forms. These resulted in his receipt of sub-class B credits, which gave him ten extra days of good time per month instead of 15.

Meador returned to prison again in 2010, and once again the prison administration refused to give him the sub-class A.B.C. time credits. He states that he received no answer to his time credit dispute resolution form.

**II. The Respondent's Motion to Dismiss and the Petitioner's Reply**

The Respondent has filed a motion to dismiss the petition as moot. In this motion, the Respondent states that Meador received a 30 year sentence in 1986 for burglary of a habitation, a five-year sentence in 2010 for aggravated assault, and a five-year sentence in 2011 for driving while intoxicated. He is currently serving the 1986 and 2011 sentences.

The Respondent states Meador filed a time credit dispute resolution form on October 17, 2012, but this form referred to street time credits rather than sub-class A.B.C. time credits. According to the Respondent, Meador is eligible for sub-class A time credits, and on June 10, 2015, his records were corrected to add these credits, rendering Meador's petition moot. Meador filed a

response acknowledging that he has received sub-class A time credits, but stating he has not received sub-class B or C time credits.

**III. The Respondent's Supplemental Answer and the Reply**

The Court ordered the Respondent to file a supplemental answer addressing Meador's claim that he is eligible for sub-class B and C time credits but is not receiving them. In the supplemental answer, the Respondent stated that a prisoner can only be eligible for one sub-class of time credits. Thus, a prisoner can be eligible for A or B or C credits, but not more than one at a time.

With regard to Meador's situation, the Respondent explained that Meador completed his GED in 1981, prior to his current convictions, so this course does not affect his time-earning classification. There is no evidence that Meador completed a vocational course at the Ellis Unit bus barn. Records show that Meador has completed two on-the-job training courses but not any qualifying educational or vocational courses, so the Respondent asserts he is eligible only for sub-class A time credits, which he has been granted. The Respondent furnished an affidavit from Charley Valdez, a program specialist in the time computation office, setting out these facts.

In his reply to the supplemental answer, Meador complained about the denial of his state habeas petition and asserted that the affidavit from Valdez is the same as an affidavit attached to the original answer, but with a paragraph added. He argued that the Respondent's claim it is impossible to have more than one sub-class of time credits "does not warrant answer or explanation," but he does not elaborate on this assertion. Instead, Meador indicates that the A credit plus the B credit creates the C credit, which he terms "a statutory part of his sentence."

**IV. The Report of the Magistrate Judge**

After review of the pleadings and evidence, the Magistrate Judge issued a Report recommending that the motion to dismiss be granted. The Magistrate Judge stated that the evidence before the Court showed that Meador received his GED five years prior to his 1986 conviction, meaning this achievement cannot be counted for purposes of determining his time earning status.

Meador also contended that he completed a vocational training program at the Ellis Unit bus barn, but offered no substantiation of this claim, nor does he state when he allegedly completed this program. The Magistrate Judge determined that this bald assertion, which is not supported in the record, likewise could not be counted for purposes of calculating his time earning classification. Instead, Meador's records show that he has completed on-the-job training courses without educational or vocational courses, which entitles him to sub-class A time credits. Because he is now receiving such credits, the Magistrate Judge concluded that Meador's petition is moot.

## V. Meador's Objections to the Report

In his objections, Meador states that the Magistrate Judge relied on incorrect information from TDCJ. Although Charley Valdez's affidavit states that Meador's criminal history includes his 1986, 2010, and 2011 convictions, Meador says that in fact, he had two earlier convictions, from 1979 and 1983. He took and passed the GED during his imprisonment for his 1979 conviction, which this conviction was still active at the time he received his 1986 sentence. Meador attaches a "Public Disclosure Information Sheet" from TDCJ documenting these two prior convictions. He also furnishes documents showing that he took and passed the GED test at the Wynne Unit in 1981. Meador contends that under Senate Bill 640, his educational achievements "migrated" to his current sentence. He attaches as Exhibit 5 to his objections a TDCJ time slip dated December 12, 2011, which states "educational credits effective from 01-01-00." Meador argues that his sentences ran concurrently and therefore the educational program credits he earned should apply to all of them. He asserts that the term "effective" on his time slip shows that he is entitled to the sub-class C credits. Meador argues that his claim of completing a vocational course is not a "bald assertion" because he received sub-class B time credits.

## VI. Discussion

To the extent that Valdez' affidavit indicates that Meador's 1986 conviction was his first, Meador is correct that this is inaccurate. The evidence shows Meador had convictions in 1979 and 1983 prior to his current holding conviction, which was rendered in 1986. According to Meador's

4

public information disclosure sheet, he was convicted of burglary and burglary of a habitation on September 26, 1978, and then of two counts of burglary of a building and theft over $200.00 on August 10, 1979. He was released to parole on January 25, 1982, and returned on January 12, 1983. He was again released to parole on December 23, 1985, and returned on June 10, 1986, and was released to parole a third time on September 30, 1989. Meador earned his GED in 1981 while serving these sentences prior to his first release on parole. Meador fully discharged all of these sentences on May 18, 1994.

Nonetheless, this error in Valdez's affidavit does not affect the outcome of Meador's case because a review of the facts as corrected still shows his petition to be moot. Valdez's affidavit states "Offender Meador's GED, earned in 1981, is not applicable to his time earning status because he did not commit his holding offenses [i.e. the ones he is now serving] until 1986 and 2005." While Meador argues that his educational achievement "migrates" to a later sentence, he offers nothing to suggest, nor does the statute indicate, that an educational or vocational achievement earned during the term of one sentence can carry over into completely unrelated sentences after the first sentence has been fully discharged, nor that such an achievement can continue to furnish additional good time on other sentences imposed long after this achievement was earned.

Meador points to a portion of Senate Bill 640 which reads as follows: "An inmate shall accrue good conduct time, in an amount determined by the director, which shall not exceed 15 days for each 30 days actually served, for participation in an educational or vocational program provided to inmates by the department. The change in the law made by this Act applies to credit awarded for good conduct and participation in programs during time served before, on, or after the effective date of this Act." The change in law referred to is the addition of the provision allowing for the granting of good time for participation in those programs.

This provision means that Meador could get credit for his 1981 GED on his 1979 sentence based on a law passed in 1983, not that an achievement earned in 1981 would provide extra good time credits on a 1986 sentence after the 1979 sentence had been discharged. The record shows that

during his present sentence, which is the 30-year sentence imposed in 1986, he completed two on-the-job training courses, entitling him to sub-class A time credits. Because Meador is currently receiving such credits, his petition is moot.[1]

The fact that Meador's time sheet states "educational credits effective 01-01-00" also does not show that he is entitled to sub-class B or C time credits. As the Magistrate Judge stated, the term "educational credits" refers to sub-class A, B, or C time credits generally and does not imply eligibility for any particular sub-class.

Meador asserts that according to the Magistrate Judge's Report, he was given B time credits on the sentence he received in 2005. This statement in the Report, found on page 2, is part of a summary of Meador's allegations and does not constitute a finding by the Magistrate Judge that Meador in fact received B time credits in 2005. Nothing in the record supports Meador's allegations that he received C time credits from 1986 to 1989 or B time credits in 2005, nor that he completed a vocational training course at the Ellis Unit bus barn. The Magistrate Judge correctly determined that according to the Fifth Circuit, "[a]bsent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition (in state and federal court), unsupported and unsubstantiated by anything else contained in the record, to be of probative evidentiary value." *Ross v. Estelle*, 694 F.2d 1008, 1011-12 and n.2 (5th Cir. 1983). These assertions by Meador are unsupported by the record and thus lack probative evidentiary value.

---

[1]Valdez's affidavit states that on January 20, 2005, a pre-revocation warrant of arrest was issued for Meador and executed that same day. He was convicted on July 18, 2005, of aggravated assault with a deadly weapon, receiving a five-year sentence. This sentence was discharged on January 15, 2010, and Meador was paroled on July 8, 2010. A pre-revocation warrant of arrest was issued on August 11, 2011, and executed that same day. Meador was subsequently convicted of driving while intoxicated, receiving a five-year sentence beginning on August 8, 2011. On June 10, 2015, Meador's good time was adjusted to show that he is earning sub-class A good time credits beginning August 8, 2011, which is the date he returned to TDCJ to continue serving his 30-year sentence from 1986 as well as his new sentence.

**VII. Summary**

The evidence shows that Meador earned a GED degree in 1981, while serving convictions which expired in 1994. His present convictions were imposed in 1986 and 2011, well after the acquiring of the GED degree. Because his GED degree was achieved prior to either of his present holding convictions, it does not serve to award him good time on these convictions.

While Meador asserts that he completed a vocational course at the Ellis Unit bus barn, he offers no substantiation of this claim beyond conclusory allegations. As such, his claim lacks probative evidentiary value.

Meador's documented achievements during his present holding convictions include two on-the-job training courses which he completed in 1987. Under the guidelines for awarding bonus good time, the completion of an on-the-job training course or courses entitles the prisoner to sub-class A good time of five extra days per month. On June 10, 2015, Meador's records were adjusted to show he is receiving sub-class A bonus time as of August 11, 2011, the date of his most recent entry into TDCJ-CID.[2] This is the relief to which he is entitled. Because Meador has been granted this relief, his petition for habeas corpus relief is moot. *See Rocky v. King*, 900 F.2d 864, 857 (5th Cir. 1990); *United States Parole Commission v. Geraghty*, 445 U.S. 388, 396, 100 S.Ct. 1202, 1208, 63 L.Ed.2d 479 (1980).

**VIII. Conclusion**

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or

---

[2]Good time credits advance a prisoner's eligibility for release on parole or mandatory supervision. When Meador was released on parole, his good time was used for its intended purpose, meaning that when his parole was revoked and he returned to prison, the good time he used to achieve that parole was not restored. *See Richie v. Johnson*, 194 F.3d 1308, 1999 U.S. App. LEXIS 40007 (5th Cir., August 31, 1999) (no right to the restoration of good time credits after parole is revoked), *citing Hallmark v. Johnson*, 118 F.3d 1073, 1079-80 (5th Cir.), *cert. denied*, 522 U.S. 1003, 118 S.Ct. 576, 139 L.Ed.2d 415 (1997).

7

specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Petitioner's objections are without merit. It is accordingly

**ORDERED** that the Petitioner's objections are overruled and the Report of the Magistrate Judge (docket no. 24) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the Respondent's motion to dismiss (docket no. 12) is **GRANTED** and the above-styled application for the writ of habeas corpus is **DISMISSED AS MOOT.** It is further

**ORDERED** that the Petitioner John Paul Meador is **DENIED** a certificate of appealability *sua sponte*. Finally, it is

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED.**

**So Ordered and Signed**
**Sep 14, 2016**

_____
Ron Clark, United States District Judge