IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| JOHN PAUL MEADOR | § | |
|---|---|---|
| v. | § | CIVIL ACTION NO. 6:15cv204 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND DENYING MOTION TO ALTER OR AMEND THE JUDGMENT

The Petitioner John Paul Meador, proceeding *pro se*, filed this application for the writ of habeas corpus under 42 U.S.C. §2254 complaining of the calculation of his time credits. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Meador's habeas corpus petition was dismissed on September 15, 2016, and Meador filed a motion for relief from judgment on October 11, 2016. Because this was within 28 days of the entry of judgment, the motion is properly construed as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e).

**I. Background**

Meador was convicted prior to September 1, 1987, and thus is known as a "pre-70th Legislature Offender." Such prisoners receive good time based on their classification status and can also get credits known as Sub-class A, B, or C good time credits for completion of certain specified courses or programs. Sub-class A credits are five extra days of good time per month for completing an on-the-job training certification or a vocational training program. Sub-class B credits are 10 extra days of good time per month for completion of an educational program or an on-the-job training certification and a vocational training program. Sub-class C credits are 15 extra days of good time

1

per month for completion of an on-the-job training certification and an educational program. *See* TDCJ Administrative Directive 04.80 (docket no. 12-4, p. 4).

Meador asserted that he earned the sub-class C time credits between 1986 and 1989 for completion of his GED test as well as completion of a vocational training course at the Ellis Unit bus barn. He also completed on-the-job training in records conversion and a course in the operation of heavy equipment. He was released from prison in 1989 but returned in 2005 with a new concurrent five-year sentence. Since that time, however, he complains that he has been denied sub-class C credits.

After the Magistrate Judge ordered an answer, the Respondent filed a motion to dismiss the petition as moot. The Respondent contended that Meador is only eligible for sub-class A time credits and is now receiving them. Meador filed a response contending that while he was receiving sub-class A credits, he was not receiving sub-class B or C credits.

The Respondent then filed a supplemental answer stating that prisoners can only be eligible for one sub-class of credits at a time. Meador completed his GED in 1981, before his current convictions, so this course does not affect his time-earning classification. There was no record of Meador completing a vocational training program at the Ellis Unit bus barn. Because Meador has completed two on-the-job training courses but no qualifying educational or vocational programs, he is only eligible for sub-class A time credits, which he is receiving. The Respondent attached an affidavit from Charley Valdez, Program Supervisor III for the Classification and Records Department of TDCJ-CID, substantiating these claims. In response to the supplemental answer, Meador claimed that the sub-class A credit plus the sub-class B credit equaled the sub-class C credit, which he terms "a statutory part of his sentence." He denied the Respondent's assertion that prisoners can only be eligible for one class of sub-credits at a time, but did not substantiate his contention.

**II. Prior Proceedings**

The Magistrate Judge determined that Meador completed his GED in 1981, prior to any of the convictions which he is now serving, meaning the GED cannot be counted for purposes of determining his time earning status. Meador's claim that he competed a vocational training program at the Ellis Unit bus barn was simply a bald assertion, lacking support in the record, and thus lacked probative evidentiary value. Thus, the Magistrate Judge concluded that Meador was entitled only to sub-class A credits, which he was now receiving, rendering the petition moot. Meador argued in response that he passed the GED test in 1981, while serving the 1979 conviction, and this achievement should migrate to his current sentence.

This Court reviewed the pleadings, the Report, and the objections and determined that Meador had been convicted of burglary on September 26, 1978, and then of two counts of burglary of a building and theft on August 10, 1979. He was released on parole in 1982, 1985, and 1989, but returned to prison each time. All of these sentences were discharged in 1994, but Meador had been convicted of burglary of a habitation in 1986 and continued serving that sentence, which he is still serving, after the discharge of his earlier ones.

Meador's GED, which he earned in 1981, did not affect his time-earning status because an educational or vocational achievement earned during the term of one sentence did not carry over into completely unrelated sentences after the earlier sentence was fully discharged. Meador completed two on-the-job training courses during his present sentence, which entitled him to sub-class A time credits. Because he is receiving such credits, this Court concluded that his petition for habeas corpus relief was moot.

**III. Meador's Motion to Alter or Amend the Judgment**

In his motion to alter or amend the judgment, Meador argued that he is no longer serving the conviction he received in 2011 because this conviction discharged on August 7, 2016. He acknowledged that the sentence he was serving when he earned his GED discharged in 1994, some eight years after he received his current sentence. From 1986 to 1989 he received credit for the

3

achievements earned on the 1979 and 1983 sentences, which ran concurrently with his 1986 conviction until the earlier convictions discharged. He states that "since the Respondent asserts that Meador is eligible for the sub-class A time credits, the Respondent had to be aware of what they credited me with in June 10, 2015, was not something that just came about then, but was there in 1986 to 1989."

Meador further claimed that the A credit combined with the B credit makes up the C credit and that his 1979 and 1983 sentences ran concurrently with his 1986 sentence until these sentences discharged and contended that because he received C time credits on the earlier sentences, he should continue to do so.

Meador submitted documents showing that he completed a course called "Cognitive Intervention" in April of 2009 and a course called "Perspectives and Solutions" in March of 2012. Thus, he asserts that the Respondent is incorrect in stating that he is not eligible for the educational time award. Meador further pointed to a time sheet dated January 21, 2009, attached to his original petition at Exhibit 5, which states "Educational Credits effective from 01-01-00." The Magistrate Judge stated that the sub-class A, B, and C credits are referred to in TDCJ Administrative Directive 04.80 as "educational credits" and the notation on Meador's time sheet shows that he is eligible for these credits.

Meador requested that the Court examine his exhibits and take into consideration his other educational accomplishments and asks that "this Court only apply those things that have been presented in this motion to that supports the fact that Meador has been and still is eligible for the C credit, or 15 extra days a month. This is the relief asked for, and it continues to be the relief earned." In a separate motion for relief (docket no. 38), Meador asks that the Court grant him B credits to go along with the A credits he is now receiving, giving him a total of 15 extra days a month, and that these B credits, like his A credits, be backdated to August 10, 2011.

4

**IV. The Magistrate Judge's Report on the Motion to Alter or Amend the Judgment**

The Magistrate Judge first stated that relief under Rule 59(e) is appropriate where there has been an intervening change in controlling law, the movant presents newly discovered evidence which was previously unavailable, or to correct a manifest error of law or fact. *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). Such a motion cannot be used to raise arguments which could and should have been made before the judgment issued. *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2013).

The Magistrate Judge determined that Meador failed to show an intervening change in controlling law and did not present newly discovered evidence. His documents showing that he took classes in 2009 and 2012, in cognitive intervention and perspective, were attached to but not discussed in his objections, meaning they are not newly discovered evidence.

Nor has Meador shown a manifest error of law or fact. The time line shows that when Meador earned his GED in 1981, he was serving sentences which had been imposed on September 26, 1978, and August 10, 1979. When he received additional sentences in 1983 and 1986, all of the sentences were concurrent, so the educational credits were applied to all of them. However, when the convictions in place at the time Meador earned his GED expired, the sub-class credits he obtained for this GED expired with them. The Magistrate Judge determined that neither the statute nor the administrative directive provide that the sub-class credits should apply on sentences handed down long after the achievement was earned.

The Magistrate Judge also rejected Meador's contention that he is entitled to educational credits because of his 2009 and 2012 courses. First, the Magistrate Judge observed that Meador did not demonstrate that he exhausted his state remedies on this claim and a review of the state court records furnished by the Respondent shows that he has not done so. Furthermore, the Magistrate Judge stated that this argument was articulated for the first time in Meador's motion for reconsideration although it was available at the time he filed his habeas petition, and thus is not properly before the Court. The Magistrate Judge also concluded that gaining sub-class credits

5

requires such educational achievements as earning a high school or equivalency diploma, GED certificate, associate's degree, or bachelor's degree, and Meador has not shown that the two classes he took amount to the same level of accomplishment.

The Magistrate Judge went on to state that Meador failed to show any other basis to alter or amend the judgment. TDCJ records show that Meador has completed two on-the-job training courses but no qualifying educational or vocational programs, thus entitling him to sub-class A credits, and the discharge of his 2011 sentence did not affect these credits. Because Meador is receiving the time credits to which he is entitled, the Magistrate Judge recommended that the motion to alter or amend the judgment be denied.

**V. Meador's Objections**

In his objections, Meador first takes issue with the Magistrate Judge's statement that he had not exhausted state remedies on his claim involving courses taken in 2009 and 2012. Meador points out that in the initial motion to dismiss, the Respondent acknowledged that Meador had exhausted his state remedies. However, the claim for which the Magistrate Judge said that state remedies had not been exhausted was raised for the first time in Meador's motion for reconsideration and was not in his original petition. Thus, the Respondent could not have been aware of such a claim at the time the original motion to dismiss was filed. This objection is without merit.

Next, Meador states that he worked in the bus barn, which he deems an "industrial program that has not been refuted by the Respondent." In fact, the Respondent argued that Meador's claim of working in the Ellis Unit's bus barn was simply a bald assertion without support in the record. Meador points to nothing in the record to substantiate his claim that he worked in the bus barn, and the Magistrate Judge determined that bald allegations, lacking support in the record, lacked probative evidentiary value. *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983). In addition, he offers nothing to suggest that his job assignment in the bus barn was "a vocational program" within the meaning of TDCJ Administrative Directive 04.80,

Meador also argues, for the first time in his objections, that he participated in an agricultural program while he was an outside trustee because he bladed all agricultural roads and turn rows so that field tractors could access the fields. He offers nothing beyond his own bare and conclusory assertion that he participated in such a program, nor that this work assignment amounted to an "agricultural program" sufficient to give rise to educational or vocational time credits. Furthermore, claims raised for the first time in objections are not properly before the District Court. *Omran v. Prator*, slip op. no. 16-30034, 2016 WL 7496113 (5th Cir., December 30, 2016), *citing Finley v. Johnson*, 243 F.3d 215, 219 n.3 (5th Cir. 2001). These objections are without merit.

Meador did not address the Magistrate Judge's determination that his claims concerning the educational time credits acquired in 2009 and 2012 were raised for the first time in his motion to alter or amend the judgment even though they could have been raised in his original petition, and thus are not properly before the District Court. *Rosenzweig*, 332 F.3d at 864. Instead, he submits a page from the TDCJ inmate newspaper, the Echo, showing a photograph of graduates of the cognitive intervention course holding up documents which Meador argues are diplomas. Even assuming that graduates of this course receive documents styled as diplomas, Meador has offered nothing to suggest that either or both of the two courses he took, one in 2009 and one in 2012, qualify as a "program of academic education" equivalent to a GED, associate's degree, or bachelor's degree, as required by TDCJ Administrative Directive 04.80.

Meador cites *Weaver v. Graham*, 450 U.S. 24, 28, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981), which held that retroactively decreasing the amount of gain-time awarded for an inmate's good behavior violated the *Ex Post Facto* Clause. He fails to show that the amount of good time awarded for completion of the A, B, or C credits has been retroactively decreased; the dispute at issue is not whether the award of good time has been retroactively decreased but whether Meador has met the qualifications required to attain such awards. Similarly, while Meador cites *Wolff v. McDonnell*, 418 U.S. 539, 557, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), that case holds that where prisoners must be afforded due process protections before being deprived through disciplinary action of earned

7

good time amounting to the deprivation of a constitutionally protected liberty interest. Meador has not shown that he was deprived of any good time which he had previously earned, through disciplinary action or by any other means. Neither *Weaver* nor *Wolff* are applicable to Meador's claims. The Magistrate Judge properly determined that Meador is entitled to sub-class A time credits and is receiving them, rendering his habeas corpus relief moot. Meador's objections are without merit.

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Petitioner objected. *See* 28 U.S.C. §636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Petitioner's objections are without merit. It is accordingly

**ORDERED** that the Petitioner's objections are overruled and the Report of the Magistrate Judge (docket no. 39) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the Plaintiff's motion to alter or amend the judgment (docket no. 36) and motion for relief (docket no. 38) are **DENIED**. Fed. R. Civ. P. 59(e).

So **ORDERED** and **SIGNED** this **20** day of **January, 2017.**

_____
Ron Clark, United States District Judge